Opinion by Donlon, J. In accordance with stipulation of counsel that the merchandise consists of beef stew the same in all material respects as that the subject of *United States* v. *The Crosse & Blackwell Co.* (42 C. C. P. A. 99, C. A. D. 579), the claim of the plaintiffs was sustained.

**No. 59568.**—The Crosse & Blackwell Company *v.* United States, protests 187313–K and 193843–K (Baltimore).

Opinion by Donlon, J. In accordance with stipulation of counsel that the merchandise consists of beef stew the same in all material respects as that the subject of *United States* v. *The Crosse & Blackwell Co.* (42 C. C. P. A. 99, C. A. D. 579), the claim of the plaintiff was sustained.

**No. 59569.**—The Crosse & Blackwell Company *v.* United States, protests 206266–K/4437 and 207757–K/4620 (Chicago).

Opinion by Donlon, J. In accordance with stipulation of counsel that the merchandise consists of beef stew the same in all material respects as that the subject of *United States* v. *The Crosse & Blackwell Co.* (42 C. C. P. A. 99, C. A. D. 579), the claim of the plaintiff was sustained.

**No. 59570.**—Holland Colombo Trading Society, Inc., et al. *v.* United States, protests 182009–K, etc. (New York).

Opinion by Donlon, J. In accordance with stipulation of counsel that the merchandise consists of coconut shell charcoal the same in all material respects as that the subject of *Holland Colombo Trading Society, Inc.* v. *United States* (34 Cust. Ct. 90, C. D. 1684), the claim for free entry under paragraph 1802 was sustained.

**No. 59571.**—Holland Colombo Trading Society, Inc. *v.* United States, protests 189348–K, etc. (New York).

Opinion by Donlon, J. In accordance with stipulation of counsel that the merchandise consists of coconut shell charcoal the same in all material respects as that the subject of *Holland Colombo Trading Society, Inc.* v. *United States*

.(34 Cust. Ct. 90, C. D. 1684), the claim for free entry under paragraph 1802 was sustained.

**No. 59572.**—Astoria Pan Americana, Inc., and J. J. Boll *v.* United States, protests 227951–K, etc. (New York).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise consists of ficin powder or *leche de oje en polvo* the same in all material respects as that the subject of *Astoria Pan-Americana, Inc.* v. *United States* (32 Cust. Ct. 243, C. D. 1608), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, DECEMBER 16, 1955

**No. 59573.**—Ramallah Trading Company *v.* United States, protests 223892–K, etc. (New York).

Opinion by FORD, J.   It was stipulated that the items of merchandise marked "A" consist of jacquard-figured bedspreads, composed in chief value of cotton, having a staple less than 1⅛ inches in length, and that the items marked "B" consist of jacquard-figured upholstery cloths (not pile fabrics), which are table scarves, composed in chief value of cotton, having a staple of less than 1⅛ inches in length.   Accepting the stipulation as a statement of fact, the items marked "A" were held dutiable at 20 percent under the provision in paragraph 911 (a), as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T. D. 52373), supplemented by Presidential proclamation (T. D. 52476), for jacquard-figured bedspreads, wholly or in chief value of cotton, and the items marked "B" were held dutiable at 27½ percent under the provision in paragraph 908, as modified, *supra*, for jacquard-figured scarves, wholly or in chief value of cotton.

**No. 59574.**—Baar & Beards, Inc., et al. *v.* United States, protests 176954–K, etc. (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.